IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BLEU BLAZE DONAHUE, | **OPINION & ORDER** |
| Plaintiff, | Civ. No. 1:25-cv-01174-AA |
| vs. | |
| STATE OF OREGON; TINA KOTEK; D.A. WESENBERG; OREGON STATE BAR; LINDA KRUSCHKE; SHAWNE ROMINE; DOUGLAS CO. PROSECUTOR'S OFFICE; DOUGLAS CO. CIRCUIT COURT OFFICE and employees; DOUGLAS CO. D.A. OFFICE and employees; UMPQUA VALLEY PUBLIC DEFENDER'S OFFICE and employees; DOUGLAS CO. SHERIFF'S OFFICE including arresting officers; MYRTLE CREEK POLICE DEPARTMENT; DOUGLAS CO. JAIL STAFF; #5 CRIMINAL LINE CLERKS AT DOUGLAS CO. CIRCUIT COURT; OTHER and all RICO parties, | |
| Defendants. | |

AIKEN, District Judge:

Self-represented Plaintiff Bleu Blaze Donahue seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons explained below, the IFP Petition, ECF No. 5, is GRANTED, and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty days from the date of this order to file an amended complaint.

Page 1 – OPINION AND ORDER

LEGAL STANDARD

Generally, any party that initiates a civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). But the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second determination, a district court has the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. To determine whether a complaint states a claim, courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, a plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Further, the court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Self-represented (*pro se*) pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A court should construe the pleadings of self-represented plaintiffs liberally and give self-represented plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In addition, a self-represented litigant is entitled to notice of a complaint's deficiencies and provided the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied by Plaintiff's showing. Plaintiff's IFP Petition is GRANTED.

The Court has reviewed Plaintiff's Complaint and is not able to determine the substance of and the factual basis for Plaintiff's claims. The Complaint appears to contain two claims: "the RICO action" and "the Civil Case." Under "the RICO Action," the Complaint lists nine items (without clear narrative) such as "Perjury by Lying to a Grand Jury;" "Concealing an Indictment;" "Furtherance and concealment of a RICO Enterprise;" "Interstate communications device to promote sex trafficking via States Agents saying 'I wish you could kidnap me;'" and more. Under "the Civil Case" the

Complaint lists four items (without clear narrative) such as "Psychological Harm via 'attorney shortage' 'internet ban' denial of counsel, false charges, slander, defamation per se, false imprisonments, forced suicide watch for six total days as a result of the State's actions;" "Reputational harm via slander, false charges, false narratives, no clearing of charges or name, never updating to indicted or dismissed leaving the public unsure what to think of Mr. Donahue," and more. Attached to the Complaint are "Amendments." The "Amendments" list eleven "RICO Predicate Acts," each of which contains disjointed "Descriptions" which appear to be a list of allegations without clear narrative. Finally, the Complaint contains a list of "Legal Violations," also without clear narrative and without connection to any other part of the Complaint. The list includes criminal statutes, 18 U.S.C. § 1962(c); 18 U.S.C. §§ 241 and 242, and civil statutes, 42 U.S.C. § 1983.

First, Plaintiff cannot bring a claim under criminal statutes 18 U.S.C. § 1962(c) and 18 U.S.C. §§ 241 and 242 because criminal cases can only be brought by state entities, not by private citizens. Generally, private individuals have no authority to bring claims under criminal statutes. *Schwettmann v. Starns*, 2:23-cv-02442 DJC AC PS, 2023 WL 8284064, *2 (E.D. Cal. Nov. 30, 2023) (explaining that "[a] citizen does not have authority to bring criminal charges, either under state or federal law"). Only the state or federal government can bring criminal charges unless the statute provides what is called a "private right of action" that permits a private individual to sue under that statute. *Wormley v. Hemphill*, 1:19-cv-00747 (CJN), 2021 WL 11670848, at *2 (D.D.C. Mar. 22, 2021) (dismissing the self-represented plaintiff's

claims brought "pursuant to various sections of Chapter 18 of the U.S. Code [because] none of those criminal statutes includes an express private right of action").

Second, Plaintiff does not explain how his lists, descriptions, and "complaints" relate to each other; he provides no clear narrative to enable the Court to understand his claim. To meet the federal pleading standard, Plaintiff must provide a short and plain statement of his claim and the facts that support the claim *in narrative form*. Lists are neither helpful nor sufficient. The Court grants Plaintiff 30 days to file an amended Complaint. Plaintiff is advised to tell the Court **what happened**, how he has been injured, and why he believes the named defendants should be held liable for the injury.

## CONCLUSION

For the reasons explained above, Plaintiff's IFP petition, ECF No. 5, is GRANTED, and the Complaint, ECF No. 1, is DISMISSED without service on Defendants. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this 5th  day of August 2025.

    /s/Ann Aiken
ANN AIKEN
United States District Judge