IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BLEU BLAZE DONAHUE, | Civ. No. 1:25-cv-01174-AA |
|         Plaintiff, | **OPINION & ORDER** |
|   v. | |
| STATE OF OREGON; TINA KOTEK; D.A. WESENBERG; OREGON STATE BAR; LINDA KRUSCHKE; SHAWNE ROMINE; DOUGLAS CO. PROSECUTOR'S OFFICE; DOUGLAS CO. CIRCUIT COURT OFFICE and employees; DOUGLAS CO. D.A. OFFICE and employees; UMPQUA VALLEY PUBLIC DEFENDER'S OFFICE and employees; DOUGLAS CO. SHERIFF'S OFFICE including arresting officers; MYRTLE CREEK POLICE DEPARTMENT; DOUGLAS CO. JAIL STAFF; #5 CRIMINAL LINE CLERKS AT DOUGLAS CO. CIRCUIT COURT; OTHER and all RICO parties, | |
|         Defendants. | |

AIKEN, District Judge.

Before the Court is self-represented Plaintiff Bleu Blaze Donahue's Amended Complaint against Defendants State of Oregon and Douglas County law enforcement and judicial entities. *See* ECF Nos. 11–13. For the reasons explained below, Plaintiff's Amended Complaint, ECF Nos. 11–13, is DISMISSED without leave to amend.

Page 1 –OPINION & ORDER

## LEGAL STANDARD

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff's initial Complaint was dismissed with leave to amend because it failed to provide the Court with a "short and plain statement of his claim[,]" among other defects. *See* Opinion & Order at 5, ECF No. 9. Plaintiff returns with eight hand-written exhibits, which the Court construes as an Amended Complaint. ECF Nos. 11–13.

The Amended Complaint alleges that Plaintiff is currently incarcerated and is subject to an ongoing state criminal prosecution for Luring a Minor, Online Sexual Corruption of a Child in the First and Second Degrees, ECF No. 11-4 at 5; for violating his December 30, 2024 Release Agreement, ECF No. 11-1 at 3; and for Failure to Appear for his February 3, 2025 state court date, ECF No. 11-4 at 9. Plaintiff alleges that he is innocent and that state Defendants conspired to falsify charges, ECF No. 11-3 at 1; make false statements before two Grand Juries, ECF Nos. 12 at 1 and 12-1 at 1; and falsely imprison him, ECF No. 11-3 at 1, 2. Plaintiff asks the Court to

provide bail funds and to place him in federal protective custody. ECF No. 11 at 2. Plaintiff also seeks to bring RICO charges against state Defendants. ECF No. 11-3 at 1; ECF No. 13 at 1.

From these allegations, the Court infers that Plaintiff asks the Court to intervene in his ongoing state criminal proceeding. But under *Younger v. Harris*, 401 U.S. 37, 43–44 (1971), absent extraordinary circumstances, a federal court is barred from considering a case when a plaintiff seeks relief that would interfere with an ongoing state criminal prosecution. *Younger* results from "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

*Younger* abstention is appropriate when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (cleaned up). When these elements are met, the court must abstain from hearing the case and must dismiss the action. *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988).

Here, the elements are met. Plaintiff is incarcerated and awaiting trial on state criminal charges; the proceedings implicate enforcement of the state's criminal laws—important state interests; Plaintiff will have an opportunity to contest the

allegedly false statements, charges, and imprisonment during the state proceedings; and the requested relief would interfere with the ongoing state judicial proceeding.

Yet even if *Younger* abstention is appropriate, federal courts do not invoke it upon a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty.*, 457 U.S. at 435. The bad faith exception is narrow. *Yelp, Inc. v. Paxton*, 137 F.4th 944, 951 (9th Cir. 2025). A litigant hoping to escape *Younger*'s proscription on federal intervention must demonstrate that: "(1) he would suffer irreparable harm that is both great and immediate if the federal court declines jurisdiction; (2) there is bad faith or harassment, on the part of the state, in prosecuting him; or (3) the state court system is biased against Petitioner's federal claim." *Rassmussen v. Garrett*, 489 F. Supp. 3d 1131, 1154 (D. Or. 2020) (internal quotation marks and citation omitted). "Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex Cnty.*. 457 U.S. at 431 (emphasis in original).

Here, Plaintiff alleges that he did nothing wrong and that state Defendants conspire in bad faith to harass and wrongly prosecute him. But a mere allegation of bad faith or retaliatory motive is not sufficient to establish bad faith. *Yelp, Inc.*, 137 F.4th at 953. "Our obligation to respect the domain of our state judicial counterparts requires that any retaliatory motive or harassment be sufficiently severe or pervasive to legitimize our halt of state court proceedings in which these same constitutional objections could be raised." *Id.* at 954 (internal citation omitted). Plaintiff fails to

Page 4 –OPINION & ORDER

support his bad faith allegations with sufficient plausible facts and thus does not make the required bad faith showing. The Court concludes that the bad faith exception to *Younger* abstention does not apply.

In sum, *Younger* compels the dismissal of Plaintiff's case. Further, because the case's defects cannot be cured by more allegations, the case is dismissed without further leave to amend.

## CONCLUSION

For the reasons explained above, Plaintiff's Amended Complaint, ECF Nos. 11–13, is DISMISSED without leave to amend and without service on Defendants. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___5th___ day of September 2025.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge